UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SAMUEL W. BROBERG and BRIDGET M. BROBERG, | Case No. 11-CV-1623 (PJS/JJG) |
| Plaintiffs, | |
| v. | ORDER |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; WELLS FARGO BANK, N.A.; and CITIMORTGAGE, INC., | |
| Defendants. | |

    Patrick D. Boyle, Andrew S. Dosdall, Christopher P. Parrington, SKJOLD PARRINGTON, P.A., for plaintiffs.

    Erin L. Hoffman, Charles F. Webber, FAEGRE BAKER DANIELS LLP, for defendant Wells Fargo Bank, N.A.

Plaintiffs Samuel and Bridget Broberg bring claims of fraud, negligent misrepresentation, and promissory estoppel against defendant Wells Fargo Bank, N.A. ("Wells Fargo") arising out of the Brobergs' attempt to obtain a mortgage modification.[1]  This matter is before the Court on Wells Fargo's motion for summary judgment.  For the reasons stated on the record at the May 2, 2012 hearing, the Court grants the motion.  To briefly summarize those reasons:

The Brobergs' claims are based on three false statements that they accuse Wells Fargo of making:  First, the Brobergs allege that Wells Fargo promised to modify their mortgage.  Second, the Brobergs allege that Wells Fargo promised not to foreclose on their home while their loan-

---

[1] The remaining defendants have been dismissed by stipulation.  *See* ECF Nos. 20, 25.  In addition, the parties stipulated to the dismissal of Count III (Breach of Mortgagee Duty – Minn. Stat. § 580.11).  *See* ECF No. 46.

modification request was under review. Finally, the Brobergs allege that Wells Fargo falsely represented that the Brobergs' loan-modification application was missing proof of income.

With respect to Wells Fargo's promise to modify the Brobergs' loan: According to the Brobergs, Wells Fargo promised to modify their mortgage during the first phone conversation that Mr. Broberg had with the bank. Mrs. Broberg never spoke to Wells Fargo, S. Broberg Dep. 50; B. Broberg Dep. 10, and Mr. Broberg could not identify any other communication from Wells Fargo in which it allegedly promised to modify his mortgage, S. Broberg Dep. 46-47, 49. Mr. Broberg's claim is implausible on its face; it is extremely unlikely that any customer-service agent would commit a bank to modifying a loan worth hundreds of thousands of dollars based on nothing more than a brief telephone conversation. Fortunately, though, the Court need not speculate about what Wells Fargo might have said to Mr. Broberg, because Wells Fargo has submitted a transcript of their conversation, and the transcript conclusively demonstrates that Wells Fargo did not promise Mr. Broberg a loan modification.[2] *See* WF Reply App. [ECF No. 48]. Instead, Wells Fargo stated that the Brobergs "may" qualify for the Home Affordable Modification Program, that the Brobergs would have to send in various documents in order for Wells Fargo to review their loan for eligibility, and that, if the Brobergs were placed in and successfully completed a trial period plan, they would be considered for a permanent loan modification. WF Reply App. at 5. Thus, the Brobergs' claims fail to the extent that they are based on the alleged promise to modify their loan; Wells Fargo never made such a promise.

---

[2]Wells Fargo submitted the transcript with its reply brief and represented at oral argument that it had produced an audio recording of the call to plaintiffs' counsel shortly before the February 29, 2012 deposition of Wells Fargo's Fed. R. Civ. P. 30(b)(6) representative. Plaintiffs concede that they have no grounds to challenge the authenticity of the transcript.

With respect to Wells Fargo's statement that it would not foreclose while the Brobergs' application for a loan modification was under review: The Brobergs do not dispute that, because this promise related to a future event, they must prove that Wells Fargo did not intend to keep its promise at the time that the promise was made. *Vandeputte v. Soderholm*, 216 N.W.2d 144, 147 (Minn. 1974). It is not enough to show that the promise was not kept; instead, "it must be made affirmatively to appear that the promisor had no intention to perform at the time the promise was made." *Id.* The Brobergs point to no evidence that Wells Fargo did not intend to keep this promise at the time that it was made. Moreover, the undisputed evidence shows that Wells Fargo in fact *kept* its promise: The sheriff's sale of the Brobergs' home took place on December 15, 2010, over a month after Wells Fargo notified the Brobergs that their request for a loan modification had been denied. *See* S. Broberg Dep. 15; WF App. 35-36.

Finally, setting aside all of the other problems with the Brobergs' claims, they all fail because the Brobergs have no evidence of reliance or damages. *Hoyt Props., Inc. v. Prod. Res. Grp.*, 736 N.W.2d 313, 318 (Minn. 2007) (fraud requires proof of reliance and damages); *Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W.2d 359, 369 (Minn. 2009) (negligent misrepresentation requires proof of reliance); *Martens v. Minn. Mining & Mfg. Co.*, 616 N.W.2d 732, 746 (Minn. 2000) (promissory estoppel requires proof of detrimental reliance). The Brobergs defaulted on their mortgage in early 2009, over a year before they contacted Wells Fargo about a loan modification.[3]  S. Broberg Dep. 15. They have made no mortgage payments

---

[3] In their brief, the Brobergs claim that they stopped making payments on their mortgage in reliance on Wells Fargo's promises. This contradicts not only everything in the record, but their own allegations. At oral argument, the Brobergs' counsel admitted that these claims were included in their brief by mistake.

since their initial default.  *Id.*  They offer no evidence that, but for Wells Fargo's statements, they would have taken some other action to avoid foreclosure or bring their loan current.  Indeed, it would be difficult for them to offer such evidence, as the record establishes that they had no income during the entirety of 2010.  *Cf. Brisbin v. Aurora Loan Servs., LLC*, No. 11-2218, 2012 WL 1813435, at *5 (8th Cir. May 21, 2012) (plaintiff's conclusory assertion that she would have attempted to borrow money from unnamed friends to avoid foreclosure was not sufficient to defeat summary judgment on her claims of negligent and intentional misrepresentation).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The motion of defendant Wells Fargo Bank, N.A. for summary judgment [Docket No. 38] is GRANTED.

2. Plaintiffs' complaint [Docket No. 1-1] is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 30, 2012                                    s/Patrick J. Schiltz
                                                       Patrick J. Schiltz
                                                       United States District Judge